IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NATHALIA DELOSSANTOS,

    Plaintiff,

vs.                                            CASE NO.:

TARGET CORPORATION, a Foreign
Profit Corporation,

    Defendant.
_____/

## DEFENDANT, TARGET CORPORATION'S, NOTICE OF REMOVAL

Defendant Target Corporation (hereinafter "Defendant"), by and through its undersigned attorneys and pursuant to 28 U.S.C. § 1446, files with this Court a Notice of Removal of the above-captioned matter from the Fourth Judicial Circuit, in and for Duval County, Florida. In support of the removal of this action, Defendant states as follows:

1.     Plaintiff, Nathalia Delossantos, has filed a civil action in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, Case No. 16-2021-CA-004760, for claimed injuries allegedly due to an incident in which Ms. Delossantos allegedly slipped and fell on the Defendant's premises on July 24, 2020 in Duval County, Florida. True and correct copies of all process and pleadings served by or upon Defendant, as provided by 28 U.S.C. § 1446(a), are attached hereto as Exhibit "A".

2. Defendant removes this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441.

3. At the time of the incident alleged in Plaintiff's First Amended Complaint, Plaintiff was a citizen and resident of Clay County, Florida. (First Amended Complaint, ¶ 2) and (Plaintiff's Response to Interrogatory Number 3 - See Exhibit "B" reflecting Plaintiff has resided in Orange Park, Clay County, Florida for the past 10 years).

4. Plaintiff is also a registered voter in the State of Florida. She registered to vote in Florida on July 30, 2020, using the same address noted in her Response to Interrogatory Number 3. A copy of Florida Department of State's Voter Information Lookup is attached hereto as Exhibit "C."

5. As Plaintiff affirmed that she has lived in Orange Park, Clay County, Florida, for the past 10 years, and she is registered to vote in the State of Florida, Defendant contends this sufficiently shows Plaintiff's "true, fixed and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom" is her home within the State of Florida. See McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

6. Defendant Target Corporation, at all relevant times, has been a domiciliary of the State of Minnesota, is incorporated in Minnesota, and has its principal place of business in Minnesota.

7.  The First Amended Complaint alleges that this action is for damages "in excess of the jurisdictional limit" of the Circuit Court of Duval County, Florida, which is $30,000.00. (First Amended Complaint ¶ 1). Plaintiff alleges she "suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition." She alleges "[t]he losses are permanent and continuing and that she "will suffer the losses in the future." (First Amended Complaint ¶ 15).

8.  Defendant served Interrogatories on Plaintiff on September 24, 2021. Her responses were received on October 22, 2021. (See Exhibit "B"). In her answers to Defendant's Interrogatories, number 10, the Plaintiff is alleging that she suffered cervical and lumbar spine disc herniations as a result of her fall at Target. For these injuries, in her answer to Defendant's Interrogatories, number 12, Plaintiff advises that she has incurred the following medical expenses:

| | |
|---|---|
| Jacksonville Fire and Rescue | $645.00 |
| Baptist Oakleaf Emergency | $4,388.40 |
| MBB Radiology | $495.00 |
| Emergency Resources Group | $945.00 |
| Oakleaf Family Chiropractic | $2,254.88 |
| Southeast Orthopedic | $10,216.07 |
| Advanced Diagnostic Group | $3,900.00 |
| **TOTAL** | **$22,843.47** |

See Exhibit B, Number 12.

9. In response to Defendant's Request for Production, Plaintiff produced the medical bills that correspond to the above expenses, which are attached hereto as "Exhibit D."

10. Regarding her wage loss claim, Plaintiff further advises in her answer to Defendant's Interrogatories, number 13, the following:

> "Yes, I have lost income benefits along with past and future earning capacity as a result of my injuries from this fall. I missed a few days immediately following the fall due to the pain from my injuries. Also, I used to work 50-60 hours a week and make around $100,000.00 annually. Due to my injuries I am only able to work around 40 hours a week which has reduced my income to approximately $78,000.00 annually."

11. Although Plaintiff does not allege an exact monetary amount as to lost income, benefits or earning capacity in the past or future, based on the Plaintiff's above response, her wage loss claim is approximately $22,000.00 per year or $1,833.33 per month. At this time, it has been approximately 15 months since with Plaintiff's fall. Thus, her past wage loss claim is allegedly $27,500.00.

12. Additionally, Plaintiff is currently 46 years old and has a work life expectancy of at least 11 more years. *See* Exhibit B, Number 3 (noting Plaintiff's date of birth). Based on her response to discovery, Plaintiff's alleged future wage loss claim is approximately $22,000.00 over 11 years or approximately $242,000.00.

13. Plaintiff's past medical expenses, past wage loss, and expected future medical expenses and wage loss is well above the $75,000 jurisdictional threshold.

14. Defendant has filed this Notice of Removal within thirty (30) days of receipt of Plaintiff's discovery responses on October 22, 2021.

15. Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of this removal to all parties and has filed a copy of this Notice of Removal in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida.

16. The United States District Court for the Middle District of Florida, Jacksonville Division, encompasses the location of the State Court action. Thus, Defendant may properly remove the State Court action to this District Court pursuant to 28 U.S.C. §1441(a).

17. The amount in controversy in this case is greater than $75,000.00 exclusive of interest and costs, and there is complete diversity between the parties. Therefore, this United States District Court has original jurisdiction pursuant to 28 U.S.C. §1332.

18. Pursuant to the rules of this Court, Defendant has submitted the $400.00 filing fee.

WHEREFORE, the Defendant respectfully requests that this Court accept the removal of this action from the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been

e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 18th day of November, 2021:

**Eric A. Melendez, Esquire**
Farah & Farah, P.A.
1534 Kingsley Avenue
Orange Park, FL 32073
Email (Primary): emelendez@farahandfarah.com
Email (Secondary): cfigueroa@farahandfarah.com
Telephone/Facsimile: 904-900-4799
*Attorney for Plaintiff*

        **SAALFIELD SHAD, P.A.**

        /s/ Joseph B. Stokes, III
        _____
        **JOSEPH B. STOKES, III, ESQUIRE**
        Florida Bar Number: 897183
        Email (Primary) jstokes@saalfieldlaw.com
        Email (Secondary) llovein@saalfieldlaw.com;
        khosea@saalfieldlaw.com
        **AMANDA RUMKER, ESQUIRE**
        Florida Bar Number: 125580
        Email (Primary) arumker@saalfieldlaw.com
        245 Riverside Avenue, Suite 400
        Jacksonville, FL 32202
        904-355-4401 (phone)
        904-355-3503 (facsimile)
        *Attorneys for Defendant*