Filing # 133904024 E-Filed 09/02/2021 09:08:13 AM

IN THE CIRCUIT COURT, FOURTH<br>
JUDICIAL CIRCUIT, IN AND FOR<br>
DUVAL COUNTY, FLORIDA<br><br>
CASE NO.:

NATHALIA DELOSSANTOS,

    Plaintiff,

-vs-

TARGET CORPORATION, a Foreign Profit Corporation,

    Defendant.

_____

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, Nathalia Delossantos, by and through undersigned counsel, sues Defendant, Target Corporation, (herein after "Target") and alleges:

1. This is an action for damages in excess of the jurisdictional limit exclusive of attorney fees and costs.

2. At all times material hereto, the Plaintiff, Nathalia Delossantos, was a resident of Clay County, Florida.

3. That at all times material hereto, the Defendant, TARGET, was a Foreign Profit Corporation, authorized to and conducting business in Duval County, Florida.

4. On or about July 14, 2020, Defendant, Target, was the owner and/or in possession and/or in control of a grocery/retail store located at or near 9525 Crosshill Blvd., Jacksonville, Duval County, Florida.

5. At that time and place Plaintiff was on the property as a business invitee.

6. At all times material hereto, Defendant, TARGET had a duty to provide a safe premises in the area to business invitees on the premises.

## COUNT I – NEGLIGENCE AS TO DEFENDANT, TARGET CORPORATION

The Plaintiff, adopts by reference all allegations contained in paragraphs 1 through 6 as set forth pursuant to Rule 1.130(b), Rules of Civil Procedure, and further alleges:

7. On or about July 14, 2020, Defendant, TARGET, was the owner and/or in possession and/or in control of a grocery/retail store located at or near 9525 Crosshill Blvd., Jacksonville, Duval County, Florida ("premises") that was open to the public as a grocery/retail store. Members of the public were invited therein.

8. At that time and place, Plaintiff, NATHALIA DELOSSANTOS, went to the premises owned by Defendant, TARGET, being operated as a grocery/retail store, for the purpose of shopping, said purpose being a reason that the Defendant holds itself open to the public.

9. At all times material, the Defendant, being the owner of or otherwise in legal control of the premises, had a duty to maintain the premises in a reasonably safe condition and/or to warn its invitees, including Plaintiff, of unreasonably dangerous conditions existing on the property.

10. On or about July 14, 2020, while in the aforesaid store, Plaintiff, Nathalia Delossantos, slipped in a transitory foreign substance that was on the floor, falling to the ground as a result of slipping in the transitory foreign substance.

11. This Defendant had actual or constructive notice of the existence of this aforesaid transitory foreign substance on the floor of its store and should have taken steps to remedy the condition or warn Plaintiff of its existence. It did neither. The Defendant was on constructive notice of the unreasonably dangerous condition caused by this transitory foreign substance because:

  a. It knew of or should have known that improper maintenance of the property was a hazard to its customers, such as the Plaintiff; NATHALIA DELOSSANTOS;

  b. It was with the knowledge that improper maintenance of the property was a hazard negligently failed to properly maintain the property;

  c. It negligently failed to correct hazardous improperly maintained areas of the property that would have been discoverable with reasonable inspection of the areas of the property;

  d. It negligently failed to inspect the property;

  e. It failed to properly hire, supervise, and control property maintenance personnel;

  f. It failed to properly inspect the property after maintenance was performed;

  g. It failed to have in place policies and procedures for inspection and maintenance of the property area or in the alternative failed to follow its policies and procedures for inspection and maintenance of the property;

and

  h. It failed to warn the Plaintiff of the dangerous condition of the property.

12. The Defendant breached its aforesaid duties to the Plaintiff by allowing this unreasonably dangerous condition to exist on its property and/or by failing to warn Plaintiff of its existence.

13. As a result, Plaintiff, Nathalia Delossantos, was injured in and about her body and extremities, and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are permanent and continuing and Plaintiff will suffer the losses in the future.

14. The injuries suffered by the Plaintiff, Nathalia Delossantos, are continuing in nature, she will continue to suffer pain, disfigurement, scarring, psychological and emotional injuries, physical handicap and permanent injury in the future, loss of wages and earning capacity, and

will further be compelled to expend great sums of money for medical care and related treatment for those injuries and will continue to suffer the loss the capacity for the enjoyment of life.

WHEREFORE, the Plaintiff, demands judgment for damages, interest and costs against the Defendant, Target Corporation, and a trial by jury of all issues herein.

FARAH & FARAH, P.A.

s/ Eric A. Melendez
Eric A. Melendez
Florida Bar No.: 0124787
1534 Kingsley Ave.
Orange Park, FL 32073
(904) 900-4799 (phone/fax)
emelendez@farahandfarah.com
cfigueroa@farahandfarah.com
Attorney for Plaintiff